IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALAN L. SHIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 25-CV-1108-MAB |
| ) | |
| MICHAEL T. BAILEY ) | |
| DAVID L, BROCK, and ) | |
| T. GORDON ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Alan L. Shields, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Pinckneyville Correctional Center. Shields's original complaint (Doc. 1) was dismissed without prejudice for failure to state a claim (Doc. 12). Shields was granted leave to file an amended pleading. In his Amended Complaint (Doc. 13), Shields alleges that Defendants conducted a shakedown of his cell, used derogatory language, and used excessive force against him.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and the medical providers, to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these entities.

1

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Shields alleges that on May 12, 2023, he went to the chow hall and during that time, Correctional Officer ("C/O") T. Gordon entered his room in 3C Wing, Room 32 and broke Shields's television, tablet, and trimmer (Doc. 13, p. 5). He also poured laundry soap on all of Shields's books (*Id.*). Shields notes that Gordon entered his cell as part of a routine shakedown (*Id.*). He further notes that Gordon is always calling him offensive names, referring to Shields as the "homosexual in a wheelchair." (*Id.*).[2]

That same day, Sergeant ("Sgt.") John Doe #1 and C/O John Doe #2 were working in the same wing and closed Shields's hands in the door and held them there until Lieutenant ("Lt.") Dudek approached (Doc. 13, p. 5). Despite Dudek seeing the officer's actions, he let the officers continue holding Shields's hands. Major John Doe #3 finally approached and informed Shields that he would not receive medical attention. Dudek then rolled Shields to restrictive housing after Gordon issued disciplinary tickets for infractions #'s 206 and 215 (*Id.*). Shields fails to further explain the nature of these

---

[2] The Amended Complaint includes allegations of other homophobic slurs that Gordon allegedly refers to Shields by. However, as the example provided above makes the nature of those slurs clear, the Court will not quote or repeat the other, more inflammatory slurs in this Order.

2

disciplinary tickets although they appear to be related to the search of his cell (*Id*.). He notes that he should have been present during the shakedown (*Id*.).

On June 15, 2023, while housed in the same wing, Shields wrote a grievance, as well as notified mental health staff and internal affairs that staff were calling him names, including referring to him as "homosexual", "gay", and "punk" (Doc. 13, p. 6). That same day, he was getting ready for yard in his wheelchair and was at the front door of C-wing (*Id*.). Sgt. Michael T. Bailey informed Shields that he could not attend yard in a tank-top, using a derogatory, homophobic term when talking to Shields (*Id*.). Bailey directed Shields to put on a t-shirt. Shields returned to his cell, retrieved a t-shirt, and returned to the C-wing door (*Id*.). Although Bailey opened the door to yard, Lt. David Brock informed Bailey that Shields could not "take [his] gay ass out to yard." (*Id*.). In response, Shields sat in the doorway "looking crazy" (*Id*.). Brock told Shields to move out of the doorway and Shields failed to move (*Id*.). Brock then directed Bailey to spray Shields with mace, but Shields still did not move (Id.). He was sprayed with mace again and lifted his t-shirt up to wipe his face (*Id*.). Brock grabbed Shields's wrist and pulled him out of the wheelchair (*Id*.). He then kicked and punched Shields (*Id*.). Bailey also punched Shields and placed his knee into Shield's back (*Id*.). A code was called and John Doe #4 arrived and placed his foot against Shield's neck (Id.).

After the incident, Shields was taken to an outside hospital for care and spoke with the Illinois State Police and IDOC investigators (*Id*.). He suffered injuries to his spine, which ultimately required surgery (*Id*.).

3

### Preliminary Dismissals

Although Shields alleges that numerous John Doe officers participated in an assault against him on May 12, 2023 and on June 15, 2023, Shields fails to identify these individuals as defendants in the case caption. In order to be a party in the case, a plaintiff must identify the defendants in the case caption. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005). Because Shields fails to identify John Doe #'s 1-4 as defendants, he fails to state a claim against them.

Shields does list the Illinois Department of Corrections as a defendant in the case caption, but the department is not a "person" subject to a suit for money damages under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Thus, any claim against IDOC is **DISMISSED with prejudice**.

Shields also alleges that he received a disciplinary ticket from Gordon but was denied a hearing on the ticket (Doc. 13, p. 5). But to the extent Shields may be trying to allege that he was denied due process in the issuance of the ticket, he fails to state a claim. When an inmate raises a procedural due process claim, the Court undertakes a two-part analysis. *Isby v. Brown,* 856 F.3d 508, 524 (7th Cir. 2017). The Court first evaluates whether the prisoner was deprived of a protected liberty interest, and then second, evaluates whether the process he was afforded was constitutionally deficient. *Id.* (citing *Hess v. Bd. of Trs. of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)). *See also Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted) ("To succeed on a due process claim

stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest."). An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Shields fails to identify the nature of the discipline that was imposed as a result of the disciplinary ticket. He only notes that it was expunged several days after the discipline was imposed. Without more allegations regarding the nature of that discipline, Shields fails to allege that he was deprived of a protected liberty interest.

Shields also alleges that Gordon broke some of his personal property during the shakedown of his cell and that his books were covered in soap (Doc. 13, p. 5). But Shields fails to state a viable constitutional claim. To the extent he might be attempting to allege a loss of property claim under the Fourteenth Amendment, the state has provided an adequate post-deprivation remedy through a claim for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Shields has no claim under the Fourteenth Amendment. Nor has he raised any other allegations that might give rise to a constitutional violation. For instance, Shields has not alleged that Gordon acted in retaliation for Shields exercising his First Amendment rights in some fashion. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Although he alleges that Gordon has referred to Shields by derogatory names on a number of occasions, there are

no allegations to suggest that the search was done to harass Shields. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (simple verbal harassment, including racial and sexual harassment, does not state a claim); *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review). In fact, Shields acknowledges that it was a routine shakedown. Thus, to the extent Shields alleges his constitutional rights were violated by Gordon's actions during the shakedown, he fails to state a claim.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment excessive force claim against Sgt. Michael T. Bailey and Lt. David L. Brock for their use of force against Shields on June 15, 2023.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

At this stage, Shields states a viable Eighth Amendment claim against Michael T. Bailey and David L. Brock. He adequately alleges that they sprayed him with pepper

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

spray and then beat him as he sought to attend yard. *See Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) ("requirement for [an excessive force claim] is that [the officer] used force not 'in a good-faith effort to maintain or restore discipline,' but 'maliciously and sadistically to cause harm.'"). Thus, Count 1 shall proceed against Michael T. Bailey and David L. Brock.

## Disposition

For the reasons stated above, Count 1 shall proceed against Michael T. Bailey and David L. Brock. All other potential claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Michael T. Bailey and David L. Brock: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Shields. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Shields, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Shields, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Shields is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 17, 2025**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**